Again, will counsel who are present please step up and identify themselves for the record. Good afternoon, your honors. My name is Simon Fleschman. I'm here for the appellees, and I'm here with my associate, William Conlon, who's also here for the appellees. Given unusual circumstances this morning, I received notice that the appellant has withdrawn his request for oral argument and will not be attending this afternoon's hearing. These are unusual circumstances for me. If your honors are inclined to go forward with the hearing anyways, I would propose to have my associate present abbreviated argument at his first appellate hearing. The appellant has served us a document stating they do not intend on proceeding, and they do not have any objection to your proceeding on behalf of the appellee. It's totally up to you. You did request oral argument on the cover of your brief, so you're entitled to it once we've said it. It's a matter of your own strategic decision whether or not you think it will be helpful or not. And whether you want to see your young associate argue before the appellate court. There are a variety of reasons, your honors. I think I would like to have my associate present, again, an abbreviated argument under the circumstances. You need not abbreviate. Thank you. You are not limited in any respect. Thank you, your honors. Mr. Conlon. Mr. Conlon, again, the admonitions we said apply, that we have read the briefs, we're familiar with the issues, and we'll give you about 20 minutes. I'm not sure you'll need all that, but I would probably need just nothing to respond to. But let me ask you a couple questions just to get us going. All right. What is the status out there in the real world of the possession of this property? Has the defendant's been evicted, actually forcibly by the sheriff yet, or is it on hold? To my knowledge, that is on hold. Okay. All right. Has your client made any payments on this obligation? He's got the bank. During the pendency of the suit? Your associate's not even said yes. Do you know? Whether the other side has made payments on the loan since the default? It's my understanding that they have not since 2008, December 2008. I was wrong in stating your client. Have you been receiving payments? We have not since 2008. Thank you. Proceed. May I proceed? Go ahead. We've got the standing issue, we've got the interest rate issue, and we've got the affidavit issue. So I'll start off with the standing issue. That, first and foremost, has been waived. The rules of this great state, the Supreme Court rules, require that notices of appeals specify the orders that are being appealed. And the notice of appeal only specifies the reversal of summary judgment, the judgment of foreclosure, and the order approving the sale. There's no mention of an order striking a standing affirmative defense. And that's actually confirmed by the docketing statement, which also makes no reference to an order striking an affirmative defense. But, Mr. Conlon, case law indicates that the notices of appeal is to be construed broadly and encompasses orders in the procedural progression to the order that is actually listed in the notice of appeal. And the case was resolved as foreclosure cases in the middle when there was an order of foreclosure and sale. And isn't the striking of the affirmative defense order part of the procedural progression leading up to the foreclosure order? Because without the affirmative defense being taken off the table, it then was not permitted to be used as a defense to the summary judgment order. I would argue that that should have still been specified as an order that is part of the procedural progression. Instead of simply stating the summary judgment order, there should have been more specification, would be my response to that. And regardless on the merits of the standing affirmative defense, there has been no dispute or even attempt to dispute that the trustee has the original note endorsed in blank. There's been no challenges to the endorsement. There's been no attacks at the endorsement. Rather, there's an attack on a bankruptcy and the fact that an assignment of mortgage was recorded during that bankruptcy. There is unrebutted evidence in the record that the trustee took possession of the note in June of 2006, well before the bankruptcy filing in 2007. The second order being appealed is the grant of summary judgment. And the appellants have essentially just taken issue with the affidavit of amounts due and owing attached to the motion for summary judgment. The manner in which the interest is calculated is detailed in the affidavit and there are business records detailing the manner in which it was calculated and the affidavit also substantially complies with Illinois Supreme Court Rule 113 and the Illinois Notary Act along with Florida law. And for those reasons, I believe both orders should be affirmed on appeal and I will just answer any questions you might have. Any questions? Thank you, Mr. Conley. Thank you. Welcome to the Bar of the Appellate Court. Thank you very much. The matter will be taken under advisement and you'll be hearing from us.